[No. 7029.    Decided April 6, 1908.]

FARMERS & MECHANICS BANK, *Appellant*, v. ROBERT E. STRAHORN, *Defendant*, B. C. MOSBY, *Intervener*, *Respondent*.[1]

FRAUDULENT CONVEYANCES—BY INSOLVENT CORPORATION—LIABILITY OF ASSIGNEE—DEFENSES—PAYMENT OVER TO CREDITOR—BANKS. Where a bank was a creditor, and also held for collection the claim of another creditor, of an insolvent corporation, and the corporation made a void assignment to the bank with the understanding that from the moneys received the bank should pay itself and the other creditor the amount of their claims, the bank is not liable to the receiver of the corporation for the amount of collections made by it, where it appears that the sum collected was only sufficient to pay the indebtedness of the other creditor and had all been paid over to and applied upon the indebtedness of the other creditor.

Cross-appeals from a judgment of the superior court for Spokane county, Huneke, J., entered July 3, 1907. Action upon an account assigned to plaintiff by an insolvent corporation, the proceeds of which account were to be applied by the assignee to discharge certain indebtedness of the corporation. The receiver of the corporation intervened, claiming the account and proceeds as trust fund assets of the cor-

[1]Reported in 94 Pac. 1090.

poration. Judgment in favor of the intervener, against the plaintiff for moneys received on the account, without allowance for interest, and against the defendant for the balance uncollected and due on the account. Plaintiff appeals from the portion of the judgment against it, and intervener appeals from the disallowance of interest. Reversed on plaintiff's appeal.

*Merritt, Oswald & Merritt,* for appellant, contended, among other things, that the assignment was made in good faith and is not vitiated by subsequent developments. *Brooks v. Skookum Mfg. Co.,* 9 Wash. 80, 37 Pac. 284. Payment to a creditor is not forbidden. *Dutcher v. Importers & Traders' Nat. Bank,* 59 N. Y. 5.

*B. C. Mosby, pro se,* contended, *inter alia,* that a fraudulent assignee may be personally charged for the funds received and misapplied. 28 Am. & Eng. Ency. Law (2d ed.), 1120, 1121; *Chicago etc. Bridge Co. v. Fowler,* 55 Kan. 17, 39 Pac. 727.

Root, J.—On May 19, 1906, the intervener was appointed receiver of the Spokane Columbia River Railroad and Navigation Company, a corporation organized under the laws of Washington. This company, which we will designate herein as the railroad company, was organized with a capital stock of four million dollars, all of which was subscribed. About fifty shares (one hundred dollars each par value) were sold and issued to different parties, in payment for which conditional notes were received payable when the railroad should be constructed. Additional stock to the amount of $30,000 was sold to apparently responsible parties, but not paid for. The railroad company made a contract of sale on the 16th of March, 1906, to one C. S. Eltinge, wherein it sold all its property, except its evidences of indebtedness and office fixtures for the sum of $37,977.98. Eltinge was acting merely

as agent for defendant Strahorn. The railroad company had a large indebtedness at this time.

The court found that there was due at the time of the trial from defendant Strahorn, by reason of the contract above mentioned, the sum of $13,000. In March, 1906, the railroad company assigned, or attempted to assign, all of its interests in, to, and under said contract to the appellant, Farmers & Mechanics Bank, the trial court finding that the assignment was made "with the understanding and agreement and upon the condition" that from the money received thereon plaintiff should pay the indebtedness due itself and the Farmers Grain & Supply Company. To this finding no exception was taken by intervener. Under this assignment the bank received from Strahorn the sum of $19,891.19, which money appears to have been credited upon the indebtedness of the railroad company to the Farmers Grain & Supply Company, which claim the bank had for collection. At this time the railroad company was indebted to the plaintiff bank in the sum of $10,500, and to the Farmers Grain & Supply Company in the sum of $19,-800. This action was brought against defendant to recover on this indebtedness due plaintiff. The receiver intervened and contended that the railroad company was insolvent at the time it made the assignment of the contract to the bank, and that said assignment was void for the reason that it was not executed in the manner provided by law, and also that it was made at a time when the railroad company, by reason of its insolvency, could not legally make said assignment, as the same would be and amount to an unlawful preference to one of its creditors and against the rights and interests of other creditors. The assignment was first attempted to be made to plaintiff by an instrument worded as follows: "We hereby assign all our rights, title, and interest in the above contract to the Farmers & Mechanics Bank of Spokane, Washington. Signed. Williard S. Foster, V. P.   F. W. Swanson, Sec. March 17, 1906." This was executed by Swanson, acting

for himself and under a power of attorney from Foster. The intervener urges that this assignment was absolutely void on account of the insolvency of the railroad company, and for the further reason that Foster as vice president or trustee could not delegate his authority to secretary Swanson.

On the 29th of March the railroad company by a more formal instrument made an assignment of the contract to appellant bank, wherein it authorized the bank to take any and all steps necessary to collect the amount due on said contract. There were at this time numerous other creditors. There is much dispute as to the amount of the indebtedness and assets, the court finding that the entire liabilities were "ostensibly $68,313.96 and its entire assets only $32,977.88." The amount of assets thus found does not, however, include $25,-000 of unpaid subscriptions due from subscribers whom the court found to be "apparently financially responsible." Appellant contends that the indebtedness did not exceed $33,040, and that its assets were greater than its liabilities.

The trial court found that the railroad company was insolvent when it made the assignment of the contract to the bank, and that the assignment was void, and entered a decree directing Strahorn to pay into the registry of the court the $13,000 due upon the contract, and entered judgment in favor of the receiver, intervener, and against the plaintiff for the $19,891.19 received by it under the assignment of the contract. The trial court found that all of the assets of the railroad company were, at the time of the assignment, a trust fund for the benefit of its creditors, and should be ratably distributed. The appellant bank maintains that the assignment was valid, that the railroad company was not insolvent, and that the assignment should not have been set aside, and that there would have been no necessity for setting it aside or calling for a refund of money received thereunder if the railroad company or the receiver had collected the unpaid subscriptions to the capital stock. The bank also claims that no judgment could run against it for the money received under the

assignment of the contract, inasmuch as it received said money not for its own use and benefit, but as agent for the Farmers Grain & Supply Company, to which it paid the money.

While there is a conflict in the evidence, and it is of such a character that different opinions might possibly be entertained as to the insolvency of the railroad company at the time of the assignment, we are unable to say from the record that the trial court's finding of insolvency is not justified, and we will not disturb its action in holding the assignment void and directing the payment by defendant Strahorn of the $13,000 into the registry of the court. We do not think, however, that the judgment of $19,891.19, or any part thereof, can be upheld as against the appellant bank. The trial court found that practically this amount of money was due the Farmers Grain & Supply Company from the railroad company, and that the bank held this claim for collection, it being then past due and wholly unpaid, and that said money so received by the bank was credited upon its indebtedness and that of the railroad company to the Farmers Grain & Supply Company— not specifying any amount to each.

These findings were not excepted to by the intervener, and must therefore be accepted as facts as against him by this court. The evidence shows that this money was applied to the indebtedness of the Farmers Grain & Supply Company. The court also found that, in addition to the indebtedness paid by the $19,891.19, there remained due and unpaid to plaintiff the sum of $10,500. This finding, which is not excepted to by intervener, in the light of the other findings, shows that all of the $19,891.19 must have been applied to the indebtedness of the Farmers Grain & Supply Company and none to the indebtedness of plaintiff. Under these circumstances the bank could not be made responsible for the money so received and paid over to that company.

The judgment of the honorable superior court is reversed, and the cause remanded with directions to that court to

modify its decree and judgment by eliminating that portion allowing a recovery against the appellant bank.

HADLEY, C. J., FULLERTON, CROW, and MOUNT, JJ., concur.

DUNBAR and RUDKIN, JJ., took no part.